IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lorence F. Smith, II, | ) | C/A No.: 5:22-3774-HMH-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden of F.C.I. Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Lorence F. Smith, II ("Petitioner"), is an inmate incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina serving a 40-year sentence imposed by the Superior Court of the District of Columbia. He filed this pro se action for habeas corpus relief under 28 U.S.C. § 2254 seeking to challenge the validity of a subsequent conviction and sentence in the Maryland Circuit Court for second degree murder and using a firearm during the commission of a crime of violence. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge transfer the Petition to the District Court of Maryland.

II.   Discussion

   A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L.

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

District courts are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Therefore, the proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citation omitted). However, a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a); *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484 (1973). Because habeas proceedings are generally considered civil in nature, *Hilton v. Braunskill*, 481 U.S. 770, 776, courts have treated them as civil actions when determining jurisdiction. *Parrott v. Government of Virgin Islands*, 230 F.3d 615, 620 (3d Cir.2000). *See also, U. S. ex rel. Meadows*

*v. State of N. Y.*, 426 F.2d 1176, 1183 (2nd Cir. 1970), n.9 (explaining habeas proceedings are subsumed under the phrase "any civil action" within the meaning of statute providing for transfer of any civil action for convenience of parties and witnesses, in the interest of justice).

In the instant habeas Petition, Petitioner indicates he is challenging Maryland State court convictions and sentences. Accordingly, all records of Petitioner's convictions and the transcripts of proceedings are located in Maryland. Notwithstanding this Court's jurisdiction over Petitioner's § 2254 habeas case, it appears the court best situated to grant Petitioner relief is a district court located in the state of Maryland. In the interest of justice, this case should be transferred to the District Court of Maryland.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this case be transferred to the United States District Court for the District of Maryland.

IT IS SO RECOMMENDED.

November 28, 2022                                  Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge


**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).