## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

LORENCE F. SMITH, II,

    Petitioner,

    v.

WARDEN OF FCI BENNETTSVILLE,

    Respondent.

Civil Action No.:  JRR-22-3340

## MEMORANDUM OPINION

Petitioner, Lorence F. Smith, II, who is currently incarcerated at Federal Correctional Institution ("FCI") Bennettsville, filed a Petition For Writ of Habeas Corpus and corresponding exhibits, pursuant to 28 U.S.C. § 2254, alleging constitutional violations relating to his conviction in a Maryland State court.  ECF No. 1 (the "Petition").[1]  Respondent is the Warden of FCI Bennettsville, represented by the Maryland Attorney General.  Respondent filed a limited answer to the Petition, asserting that the claims are time-barred.  ECF No. 16.  The submission includes several exhibits.  Petitioner replied on January 25, 2023.  ECF No. 17.

Pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), the Court provided Petitioner an opportunity to explain why the Petition should not be dismissed as time barred.  ECF No. 18.  He filed a timely reply.  ECF No. 19.

No hearing is required.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).  For the

---

[1] Petitioner originally filed his Petition in the United States District Court for the District of South Carolina, Orangeburg Division.  ECF No. 1.  That Court transferred the Petition to this Court for further proceedings on December 22, 2022.  ECF No. 10.

following reasons, the Petition shall be dismissed as time-barred and a certificate of appealability

shall not issue.

## I. Background

On July 7, 2005, following a jury trial, Petitioner was convicted in the Circuit Court for

Prince George's County, Maryland of one count of second-degree murder and one count of use of

a handgun in the commission of a felony.  State record; ECF No. 16-1 at 6.  On August 12, 2005,

Petitioner was sentenced to consecutive terms of 30 and 20 years for each crime, respectively, for

an aggregate sentence of 50 years' incarceration.  *Id.*  Those sentences were ordered to be served

consecutively to "each and every sentence to which [Petitioner] may now be serving."  Sentencing

transcript; ECF No. 16-2 at 11.  At the time this sentence was imposed, Petitioner was serving a

40-year sentence stemming from a murder in the District of Columbia, resulting in a total of 90

years' incarceration.  *Id.* at 3.[2]

On August 17, 2005, Petitioner noted a timely appeal to the Appellate Court of Maryland,[3]

filed a motion for modification of sentence pursuant to Maryland Rule 4-345, and filed an

application for review of sentence by a three-judge panel pursuant to Maryland Rule 3-344.  ECF

No. 16-1 at 11.  According to the docket, an additional motion for modification of sentence was

filed September 22, 2005.  *Id.*  On November 1, 2005, the motions for modification were denied.

*Id.*  On September 18, 2007, the Appellate Court of Maryland issued its Opinion upholding

---

[2] Petitioner is currently incarcerated in the Federal Bureau of Prisons serving his sentence for the crime committed in the District of Columbia.  Although his Maryland sentence has not yet begun, Petitioner's sentences are treated as one aggregate sentence, and he thus satisfies the 28 U.S.C. § 2254(a) "in custody" requirement.  *See Peyton v. Rowe*, 391 U.S. 54, 55 (1968).

[3] At the time this case occurred, the Appellate Court of Maryland was named the Court of Special Appeals of Maryland.  During the November 8, 2022, Maryland general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Special Appeals to the Appellate Court of Maryland, and changing the name of the Court of Appeals to the Supreme Court of Maryland.  The name change took effect on December 14, 2022, and thus the newly recognized names will be used throughout this Memorandum.

Petitioner's conviction and denying his appeal. *Id.* at 72-73. Petitioner did not pursue further appeals. ECF No. 1 at 2.

Nine years later, on November 14, 2016, Petitioner filed a pro se motion for modification of sentence, which was denied November 18, 2016. ECF No. 16-1 at 11; ECF No. 1-1 at 28. On April 17, 2020, Petitioner filed a request for compassionate release, which was also denied. ECF No. 16-1 at 12. On January 12, 2022, Petitioner filed a pro se motion for modification of sentence pursuant to the Second Look Act, which was denied February 3, 2022. *Id.* Finally, Petitioner filed a pro se motion for appellate review on February 15, 2022. *Id.* The docket provided as part of the State Record does not reflect a ruling on that Motion. *Id.*

Petitioner filed the instant Petition for Writ of Habeas Corpus on October 31, 2022. ECF No. 1. His petition alleges one ground for review: that the "consecutive sentencing scheme creates a de facto life sentence," and in support thereof, Petitioner argues that "[t]he adolescent brain does not fully develop until the mid-twenties, either on or beyond the 25th birthday threshold." ECF No. 1 at 5. Respondent argues that the Petition is time-barred, and that Petitioner is not entitled to statutory or equitable tolling. ECF No. 16. In reply, Petitioner argues that, pursuant to 28 U.S.C. § 2244(d), the factual predicate underlying his claims could not have been discovered through the exercise of due diligence until very recently, rendering the one-year limitations period for seeking federal habeas relief inapplicable. ECF No. 17 at 3. He states that his discovery regarding "the Adolescent Maturation Brain Model…does qualify as a late discovery of a relevant factual predicate…affecting the validity of the underlying conviction." *Id.* at 6. Alternatively, he argues he is entitled to equitable tolling. *Id.* at 7.

Pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), the Court provided Petitioner an opportunity to explain why the Petition should not be dismissed as time barred. ECF No. 18. He

3

replied stating that pro se complaints are held to less stringent standards, and thus the Court should "utilize its inherent authority toward the relaxation in the rigidity of any rule," including the limitations period.  ECF No. 19.  He reiterates that there has been "a change in the law based on the science as it relates to mitigation and sentencing" in his case.  *Id.*

## II.  Discussion

### A.  Limitations Period

A one-year limitation period applies to § 2254 habeas petitions which runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Appellate Court of Maryland issued its opinion in this case on September 18, 2007 (ECF No. 16-1 at 72), and the mandate issued October 18, 2007 (*Id.* at 86).  Thus, the judgment became final on November 2, 2007, when the time expired for filing a petition for writ of certiorari to the Supreme Court of Maryland.  *See* Md Rule 8–302(b) ("a petition for a writ of certiorari may be filed either before or after the [Appellate Court of Maryland] has rendered a decision, but not later than the later of 15 days after [it] issues its mandate or 30 days after the filing of that court's

4

opinion."). The limitations period expired one year later, on Monday, November 3, 2008. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [of a filing deadline] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that at is not a Saturday, Sunday, or legal holiday."). Petitioner filed this § 2254 petition more than thirteen years after the limitations period expired, and thus the petition is untimely.

Petitioner urges, however, that the statute of limitations in this case should run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). He argues that "[t]he adolescent brain does not fully develop until the mid-twenties, either on or beyond the 25th birthday threshold." ECF No. 1 at 5. He states that he did not pursue this issue on appeal because "[t]he scientific understanding had yet to be established regarding this issue." *Id.* at 6. Although he does not directly state when the science was sufficiently developed to trigger an alternative limitations period, Petitioner appears to suggest that science regarding adolescent brain development was established around 2016, and in support thereof he cites the United States Supreme Court case *Montgomery v. Louisiana,* 577 U.S. 190 (2016), *as revised* (Jan. 27, 2016). ECF No. 1-1 at 11. Petitioner states that upon becoming "aware of even the existence of such a theory" regarding adolescent brain development, he "experienced the proverbial 'AHA MOMENT.'" ECF No. 17 at 5-6. This "late, fortuitous discovery" prompted Petitioner to pursue a motion for modification pursuant to the "Second Look Act" in the Circuit Court for Price George's County, and when that motion was denied, "that served to force Petitioner to supplicate to this Federal Court." *Id.*

The Court is not persuaded that this alternative calculation of the limitations period is applicable to Petitioner's case. Under § 2244(d)(1)(D), the limitations period may begin to run for newly discovered evidence "when the prisoner knows (or through diligence could discover) the

important facts, not when the prisoner recognized their legal significance." *Hasa v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). "Conclusions drawn from preexisting facts, even if the conclusions are new, are not factual predicates for a claim." *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012). "Section 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only 'if vital facts could not have been known.'" *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) (citing *Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000)). Analyzing a "factual predicate" and "due diligence" under § 2244(d)(1)(D) "is symbiotic." *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1155 (11th Cir. 2014). In other words, "[t]he factual predicate first must be determined to give meaning to due diligence in discovering the claim for a particular petitioner's case." *Id.*

Here, the purported factual predicate to establish a new limitations period under § 2244(d)(1)(D) is Petitioner's "discovery" of "new" scientific research. Petitioner describes his "late, fortuitous discovery" of this body of research as when he "experienced the proverbial 'AHA MOMENT'" that he might be entitled to relief. ECF No. 17 at 5-6. And while Petitioner is not specific as to when or how "the scientific understanding" became sufficiently "established regarding this issue" (ECF No. 1 at 6), the recognition that adolescent brains are less developed than that of an adult, and thus that juveniles should be viewed differently for sentencing purposes, is not new. Indeed, United States Supreme Court jurisprudence has repeatedly emphasized this point. *See e.g. Eddings v. Oklahoma*, 455 U.S. 104, 115–16 (1982) ("youth is more than a chronological fact. It is a time and condition of life when a person may be most susceptible to influence and to psychological damage. Our history is replete with laws and judicial recognition that minors, especially in their earlier years, generally are less mature and responsible than adults. Particularly 'during the formative years of childhood and adolescence, minors often lack the

6

experience, perspective, and judgment' expected of adults." (quoting *Bellotti v. Baird*, 443 U.S. 622, 635 (1979)); *Johnson v. Texas,* 509 U.S. 350, 367 (1993) ("A lack of maturity and an underdeveloped sense of responsibility are found in youth more often than in adults and are more understandable among the young. These qualities often result in impetuous and ill-considered actions and decisions."); *Roper v. Simmons*, 543 U.S. 551, 569 (2005) (noting "that 'adolescents are overrepresented statistically in virtually every category of reckless behavior'… In recognition of the comparative immaturity and irresponsibility of juveniles, almost every State prohibits those under 18 years of age from voting, serving on juries, or marrying without parental consent (citing Arnett, *Reckless Behavior in Adolescence: A Developmental Perspective*, 12 DEVELOPMENTAL REV. 339 (1992)); *Graham v. Florida*, 560 U.S. 48, 68 (2010) ("No recent data provide reason to reconsider the Court's observations in *Roper* about the nature of juveniles. As petitioner's *amici* point out, developments in psychology and brain science continue to show fundamental differences between juvenile and adult minds. For example, parts of the brain involved in behavior control continue to mature through late adolescence.")

The concept that adolescent brains are different from, and less developed than, adult brains is not a new concept.  Petitioner could have discovered this information through due diligence well within the original limitations period.  The "newly discovered evidence" upon which Petitioner relies has been available to him since before his original trial.  Therefore, § 2244(d)(1)(D) is inapplicable to extend the statute of limitations.

The one-year limitations period has long-since lapsed.  Therefore, this case must be dismissed unless Petitioner can demonstrate that the limitations period was tolled (*i.e.* paused).

**1. Statutory Tolling**

The limitations period may be tolled either by statute or equitably.  The habeas statute at

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed above, the limitations period ran from November 2, 2007, until November 3, 2008. Petitioner filed no applications for state post conviction or other collateral review that tolled the running of the limitations period. *See* State record, ECF No. 16-1 at 11-12; Petitioner's Reply, ECF No. 17 at 3 (noting that he filed nothing in this case between 2005 and 2016). By the time Petitioner filed the motion for modification of sentence on November 14, 2016, the limitations period had expired. Because the limitations period had already expired, anything filed after 2016 did not toll the one-year filing period. *See* 28 U.S.C. § 2244(d)(2); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for...§ 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); *Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir.2000) (explaining that "[a] state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"). Thus, there is no statutory basis to toll the limitations period.

### 2. Equitable Tolling

Equitable tolling applies "in 'those rare instances where' due to circumstances external to the party's own conduct 'it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). For equitable tolling to apply, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (holding that a habeas petitioner seeking equitable tolling must establish that some wrongful conduct by respondent prevented him from timely filing the petition or that extraordinary circumstances outside of the petitioner's control caused the delay). Under the doctrine of equitable tolling, a court may consider time-barred claims if "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id*. at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Petitioner generally asserts that he has been diligently pursuing his rights; in support thereof,  he cites the motions, described above, filed in 2005, 2016, 2020, and 2022.  ECF No. 17 at 3, 7.  Notably, Petitioner does not explain how he exercised diligence during the original limitations period.  As to extraordinary circumstances, Petitioner asserts that he has limited access to legal materials, and "sheer ignorance with what to do with said materials."  *Id.* at 8.  He argues: "respectfully, the Court cannot expect an untrained, unguided, and unassisted pro se litigant to traverse blindly through the nuanced [labyrinth] of the legal system and emerge. Not only at the correct conclusion, but also at the exact appointed time."  *Id.*   However, it is well established that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (noting that a party's "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control."); *see also Ott v. Maryland Dep't of Pub. Safety & Corr. Servs.,* 909 F.3d 655, 661 (4th Cir. 2018) ("Ignorance of the law does not justify tolling, even when a party does not have legal representation.").  Under these circumstances, Petitioner has failed to show that equitable tolling is appropriate.[4]

---

[4] Respondents raise the argument that Petitioner "also has not asserted a credible claim of actual innocence, and so he is not entitled to equitable relief from his untimeliness on that ground either."  ECF No. 16 at 24.  In his Reply,

### III. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Petitioner must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a petition is denied on procedural grounds, as here, a petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner's claims are dismissed on procedural grounds; upon review of the record, the court finds he has not made the requisite showing. The court therefore declines to issue a certificate of appealability. Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b).

### CONCLUSION

For the foregoing reasons, the Petition will be dismissed as time-barred. The court declines to issue a certificate of appealability. A separate order shall issue.

May 4, 2023  
Date

/S/  
Julie R. Rubin  
United States District Judge

---

Petitioner indicates that "at this time [he] seeks not through this petition to attack or even address the validity of the underlying conviction on [its] merits. Nor assert a claim of actual innocence in that regard." ECF No. 17. As such, the court need not address this argument.